U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 2 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CV-919-A |
| | § | (NO. 4:11-CR-145-A) |
| | § | |
| MICHAEL S. STAROWICZ | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Michael Starowicz, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence and supporting memorandum of law ("Memorandum" or "Mem.") with exhibits attached. The government filed a response and a supplemental response, and movant filed a reply.[1] Having now considered all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On November 18, 2011, movant pleaded guilty to two counts of receipt of visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2) and

---

[1] The reply was titled "Movant's Pro Se Traverse In Reply to Government's Motion for Summary Judgment and Response in Opposition to Motion to Vacate Pursuant [sic] 28 U.S.C. § 2255." The government's response was titled simply "Response to Motion Under 28 U.S.C. § 2255" and did not include a motion for summary judgment.

(b)(1). On March 9, 2012, the court sentenced movant to a term of imprisonment of 202 months as to count 1, and a 60-month term of imprisonment as to count 2, for an aggregate term of imprisonment of 262 months, to be followed by a lifetime term of supervised release. Movant did not appeal.

II.

Grounds of the Motion

Movant asserted five grounds for relief. The first four grounds alleged that he was denied effective assistance of counsel because his attorney, J. Warren St. John ("St. John"): (1) failed to timely file a notice of appeal; (2) failed to negotiate a plea agreement; (3) advised movant to plead guilty without the benefit of a plea agreement; and (4) failed to lodge objections to the presentence report or argue in mitigation of movant's sentence. The fifth ground is characterized as a "facial challenge to § 2G2.2, United States Sentencing Guidelines . . ., as cruel and unusual punishment under the Eighth Amendment to the Constitution." Mem. at 6.

As the factual basis for the first ground movant alleges that at sentencing St. John informed the court he would be challenging movant's sentence under the Eighth Amendment; however, St. John did not file a notice of appeal. Movant also

contends that after sentencing St. John informed him that he should not appeal due to his concern that the state would continue to prosecute the state law charges against movant that led to the federal indictment. However, fourteen days after sentencing, St. John sent movant a letter informing him that the state charges had been dismissed. Movant claims that at that time St. John could have filed a notice of appeal or should have consulted him about perfecting an appeal.

As the factual basis of the second ground movant alleges that St. John failed to pursue a plea agreement for a lesser sentence, and that St. John told him the prosecutor had agreed to cap the sentences at twenty years. Similarly, as the factual basis of the third ground movant maintains that St. John advised him to plead guilty without seeking anything from the government in return, except a purported twenty-year cap on the sentences offered by the government.

For the fourth ground movant alleges that St. John filed a motion for downward departure but failed to object to the presentence report or do anything else to attempt to mitigate movant's sentence. For example, movant claims that St. John failed to: inform the court that movant voluntarily sought testing and treatment; develop, through the testimony of Lawrin

Dean ("Dean"), Clinical Director of Psychotherapy Services, movant's progress and his "desire and commitment to overcome and address his behavior," Mem. at 12; or inform the court about how movant's "personality and cancer diagnosis and treatment" contributed to movant's behavior. Id.

For the fifth ground, movant relies on commentators, articles, and cases from other courts of appeal to argue that application of the United States Sentencing Guidelines governing child pornography cases leads to disparately harsh sentences in violation of the Eighth Amendment prohibition against cruel and unusual punishment.

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice"

4

resulting from the errors.  <u>Shaid</u>, 937 F.2d at 232.  Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice.  <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

<u>None of the Grounds Has Merit</u>

A.   <u>Applicable Legal Standards</u>

To prevail on a claim of ineffective assistance of counsel, movant must establish that counsel's performance fell below an objective standard of reasonableness.  <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984).  To prevail on such a claim movant must show (1) that counsel's performance was deficient, and (2) movant was prejudiced by counsel's errors.  <u>Id.</u> at 687.  Prejudice means that movant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  <u>Id.</u> at 694.  Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one.  <u>Id.</u> at 687, 697.

Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. Counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

B. Merits

1. First Ground

An attorney is "constitutionally required to fully inform the defendant as to his appellate rights." White v. Johnson, 180 F.3d 648, 652 (5th Cir. 1999). The duty to perfect an appeal arises, however, only when the defendant makes known to his attorney his desire to file an appeal. Childs v. Collins, 995 F.2d 67, 69 (5th Cir. 1993). When counsel "disregards specific

instructions from the defendant to file a notice of appeal," the attorney has acted in a professionally unreasonable manner. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

Here, movant claims St. John was ineffective for failing to file a notice of appeal. The court disagrees. In the Memorandum, movant contends that St. John "clearly and unequivocally informed this Court at sentencing he would be challenging the sentence under the Eighth Amendment." Mem. at 8-9. However, in the exhibit to which this statement in the Memorandum refers, St. John only states only that "we'll make an objection that the sentence ordered by the Court is unconstitutionally excessive in violation of the Eighth Amendment of the United States Constitution." Mem., Ex. 1. While, as movant points out, it may be that the objection was made to preserve the issue for appeal, it is hardly a "clear and unequivocal" notice that St. John intended to file an appeal.

In his affidavit, movant further alleges that St. John assured him that if the sentence was more than twenty years he would appeal on the basis of cruel and unusual punishment in violation of the Eighth Amendment. Movant further contends that "after sentencing when discussing an appeal," St. John told movant and his parents that if he appealed from the sentence

7

imposed in the federal case there was a risk of further prosecution from the state on the state law charges, with the result that movant could face a significant period of additional incarceration. Mem., Ex. 3 at 2. Movant complains that when St. John knew the state charges had been dropped he should have consulted with movant about filing an appeal, and claims that St. John "scared me out of an appeal." Id.

The foregoing allegations make clear that St. John and movant discussed the possibility of an appeal, including the possibility that movant could face additional prison time from the pending state charges if he persisted in an appeal.[2] In St. John's affidavit submitted by the government, he states that he spoke with the state prosecutor and the District Attorney, and they agreed to dismiss the state charges against movant since he did not appeal.[3] Such would appear to validate St. John's concern that movant would face additional prison time if he appealed.

In his affidavit, St. John also avers multiple times that

---

[2] In the judgment signed March 9, 2012, the court ordered movant's sentence in his federal case to "run consecutively to any sentence that may be imposed in State Court." Mar. 9, 2012 Order at 1.

[3] Movant claims in his reply he was never told this was the agreement, but St. John did not state there was a formal agreement, only that the prosecutor agreed to drop the charges after learning that movant did not appeal. That outcome is consistent with movant's statement in his affidavit that St. John cautioned movant that he faced additional terms of imprisonment if he pursued an appeal.

movant told St. John he did not want to appeal. Nowhere in the reply, however, does movant controvert these statements, nor does movant either in the motion or affidavit state that he instructed St. John to file a notice of appeal. Under these circumstances, St. John was not deficient for failing to appeal.

    2.    <u>Grounds Two and Three</u>[4]

The second and third grounds are based on St. John's alleged failure to seek any mitigating offers from the government in exchange for movant's guilty plea. Instead, movant claims St. John advised him to plead guilty without any such offers.

A criminal defendant "has no right to be offered a plea." <u>Missouri v. Frye</u>, ___ U.S. ___, 132 S. Ct. 1399, 1410 (2012) (citation omitted). To establish prejudice in the context of a guilty plea requires movant to show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Two recent Supreme Court decisions further explained the prejudice requirement in situations involving guilty pleas. To prove prejudice when counsel failed to inform a criminal defendant of a plea offer before it expired, or where counsel

---

[4] The government addresses the second and third grounds together in its response.

advised a criminal defendant to reject a plea offer and he received a greater sentence after trial, a movant must demonstrate a "reasonable probability" that, <u>inter alia</u>, the court would have accepted the terms of the plea agreement. <u>Lafler v. Cooper</u>, ___ U.S. ___, 132 S. Ct. 1376, 1385 (2012); <u>Frye</u>, 132 S. Ct. at 1410. "A district court may properly reject a plea agreement based on the court's belief that the defendant would receive too light of a sentence." <u>United States v. Smith</u>, 417 F.3d 483, 487 (5th Cir. 2005).

The sum of the foregoing authorities is that for movant to show he was prejudiced by St. John not pursuing either a plea agreement or the "capped" twenty-year sentence, movant must demonstrate a reasonable probability that such an agreement would have been presented to, and accepted by, the court. Movant cannot make the required showing.

During movant's sentencing hearing, St. John asked the court to impose a sentence below the minimum guideline range, which was 210 months. The court considered the testimony of Dean and of movant's father, but rejected St. John's request, concluding that

> it's obvious from what I heard that yours is an ongoing problem, and I haven't heard anything to indicate that there would be any assurance that if you were not given an extremely long term of imprisonment that you wouldn't be doing again exactly what you have been

>       doing. And as the witness indicated, that has a
>       progressive--it can progress into something even worse
>       than what you did.

Sentencing Tr. at 27. That the court believed an "extremely long term of imprisonment" was required to adequately address movant's conduct, and that it imposed a 262-month sentence, defeats any attempt by movant to show that the court would have accepted any plea offer that "capped" his sentence at twenty years. Movant has alleged nothing further to show what St. John could have done to change the outcome of the proceeding, nor does movant contend that but for St. John's alleged errors he would not have pleaded guilty but would have proceeded to trial.

    3.    <u>Fourth Ground</u>

Movant argues that St. John was deficient because he failed to object to anything in the presentence report. Movant claims that St. John's reason for failing to object was his concern that the court would take away movant's reduction for acceptance of responsibility. In the motion movant failed to identify any non-frivolous objection St. John could have raised that would have positively affected the outcome of his case. Further, movant was granted a three-level reduction for acceptance of responsibility, validating St. John's reasoning for lodging no objections.

Movant also contends that St. John was deficient for failing

to inform the court about certain mitigating evidence. The record belies movant's complaint. All of the supposed mitigating factors raised in the motion were presented to the court either in the presentence report or during movant's sentencing hearing through the testimony of Dean and movant's father. Movant fails to allege any new or additional information that could have been presented or how it would have affected the outcome of the case.

4. <u>Fifth Ground</u>

Movant's claim that the sentencing guidelines pertaining to child pornography offenses constitute cruel and unusual punishment is foreclosed by Fifth Circuit precedent. The basis of this ground for relief appears to be that the sentencing guidelines pertaining to child pornography were not based on empirical data or national experience, and are grossly disproportionate to the underlying offense. Much of movant's argument pertaining to this claim relies on, and is similar to discussion found in, <u>United States v. Dorvee</u>, 616 F.3d 174 (2d Cir. 2010). The Fifth Circuit has rejected the reasoning of <u>Dorvee</u>, observing that "[e]mpirically based or not, the Guidelines remain the Guidelines. It is for the Commission to alter or amend them." <u>United States v. Miller</u>, 665 F.3d 114, 121 (5th Cir. 2011). Thus, the Guidelines range pertaining to child

pornography "remains a factor for district courts to consider in arriving upon a sentence." Id.

Further, the Fifth Circuit has long held that a sentence within the statutory limits is not cruel and unusual punishment. United States v. McKinney, 53 F.3d 664, 678 (5th Cir. 1995) (finding no violation of the Eight Amendment prohibition against cruel and unusual punishment where defendants were sentenced within the applicable guidelines range); Castle v. United States, 399 F.2d 642, 562 (5th Cir. 1968) ("The cases are legion that a sentence within the statutory limits is not cruel and unusual punishment."). Here, the maximum guideline range applicable to movant was 262 months. Sentencing Tr. at 4. Movant's sentence, at the top of the guideline range, was not cruel and unusual punishment.

Additionally, to the extent ground five can be considered a challenge to the court's technical application of the sentencing guidelines, such a claim is not cognizable on collateral review. United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

V.

Order

Therefore,

The court ORDERS that the motion of Michael Starowicz to

13

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 12, 2013.

_____
JOHN McBRYDE
United States District Judge